

# FILED

*LAL*

MAR 2 3 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMILY CHIN,

        Plaintiff,

vs.

INTERCONTINENTAL HOTELS GROUP
RESOURCES, INC., INTERCONTINENTAL
HOTELS GROUP OPERATING CORP. ,
INTERCONTINENTAL HOTELS GROUP and
MIDLAND HOTEL CORP., doing business
as HOLIDAY INN HOTEL & SUITES.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# 05C 1692

NO.

JURY DEMAND **JUDGE NORGLE**

**MAGISTRATE JUDGE NOLAN**

## VERIFIED COMPLAINT

NOW COMES Plaintiff, Emily Chin (hereinafter referred to as "Chin"), by Brian S.

Brewer, Laura E. Cohen, Megan L. Kerr, Brian R. Merfeld and Robert S. Pinzur, her attorneys,

complaining of Defendants InterContinental Hotels Group Resources, Inc., InterContinental

Hotels Group Operating Corp., InterContinental Hotels Group, and Midland Hotel Corp., doing

business as Holiday Inn Hotel & Suites (hereinafter referred to as "Hotel"), foreign corporations,

(hereinafter collectively referred to as "Defendants") and states:

    1.    This court has jurisdiction of this action based upon diversity of citizenship

        Pursuant to 28 U.S.C. 1332(a)(1).

    2.    At all relevant times, Plaintiff, Emily Chin, was a citizen and resident of

        Waukegan, Illinois.

    3.    Defendants are foreign corporations with their principal place of business located

in Peabody, Massachusetts.

4. On March 25, 2002, Defendants owned, maintained and controlled a certain
Hotel located at 1 Newbury Street, Peabody, MA 01960 known as Holiday Inn, to
which the general public was invited by Defendants to enter for the purpose of
visiting or lodging in said Hotel.

5. On the aforesaid date Plaintiff was lawfully on the premises owned by
Defendants and was entering the shower in her hotel room.

6. It was the duty of Defendants to keep and maintain the hotel room and its
bathrooms, including the bathroom tub, in a good, reasonably safe and unslippery
condition.

7. In violation of this duty, Defendants, through their agents and employees, were
guilty of one or more of the following negligent acts or omissions:

    a) Carelessly and negligently failed to provide hand rails in the bathtub area
to prevent persons from falling.

    b) Carelessly and negligently failed to provide skid strips in the bathtub to
prevent persons from falling.

    c) Carelessly and negligently failed to provide rugs or mats about those areas
of the bathtub which accumulated water and do not skid to prevent persons
from slipping on the bathtub.

    d) Otherwise carelessly and negligently maintained and controlled its
bathtub.

8. Defendants knew or in the exercise of ordinary care should have known of such
conditions.

9. As a direct and proximate result of said negligence, Chin slipped and fell on the
slippery bathtub of the bathroom of said hotel room, after the agents or employees

of Defendants failed to provide a hand rail or skid strips or otherwise failed to

protect persons from the slippery condition of the bathtub in the bathroom of the

hotel room.

10. As a direct and proximate result of her fall, Chin was injured and she suffered a

torn anterior cruciate ligament on her right knee and suffered the following

damages:

a) Disability.

b) Pain and suffering.

c) The expense of necessary care and treatment.

d) The value of time lost from her employment.

e) Additional living expenses.

11. At the time of the injurious occurrence herein described, and immediately prior

thereto, Chin was in the exercise of due care and caution for her own safety.

WHEREFORE, Plaintiff, Emily Chin, demands judgment against Defendants,

Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group Operating Corp.,

Intercontinental Hotels Group and Midland Hotel Group., doing business as Holiday Inn Hotel &

Suites, foreign corporations, in excess of THREE HUNDRED FIFTY THOUSAND

($350,000.00) DOLLARS.

Respectfully Submitted:

**Emily Chin**

By: _____

Pinzur, Cohen & Kerr, Ltd.

Pinzur, Cohen & Kerr, Ltd.
Atty. # 11162
Attorney For Plaintiff
Suite 208
4180 RFD Route 83
Long Grove, Illinois 60047
847/821-5290
Fax: 847/821-5293

## VERIFICATION

Emily Chin, under penalty of perjury as provided by law pursuant to 735 ILCS 5/1-109, states that she has read the foregoing Verified Complaint and its true and accurate to her best knowledge and belief.

_Emily Chin_ 03-17-05

_____
Emily Chin

PINZUR & HARTSTEIN, LTD.
Attorney No. 11162
Attorney for Plaintiff
Suite 208
4180 RFD Route 83
Long Grove, IL 60047
(847) 821-5290
(847) 821-5293 (Fax)

Kc

# FILED

LAL

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

# Civil Cover Sheet **05C 1692**

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.    **JUDGE NORGLE**

---

**Plaintiff(s): EMILY CHIN**

**Defendant(s):INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., INTERCONTINENTAL HOTELS GROUP OPERATING CORP., INTERCONTINENTAL HOTELS GROUP AND MIDLAND HOTEL CORP., doing business as HOLIDAY INN HOTEL & SUITES**

County of Residence: Lake County, IL

County of Residence: Essex, MA

Plaintiff's Atty: Robert S. Pinzur
Pinzur, Cohen & Kerr, Ltd.
4180 RFD Rt. 83, Suite 208,
Long Grove, IL 60047
847/821-5290

**MAGISTRATE JUDGE NOLAN**

Defendant's Atty:

---

II. Basis of Jurisdiction:        **4. Diversity (complete item III)**

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
          Plaintiff:- **1 Citizen of This State**
          Defendant:- **5 Non IL corp and Principal place of Business outside IL**

IV. Origin :          **1. Original Proceeding**

V. Nature of Suit:          **360 Other Personal Injury**

VI.Cause of Action:          **Pursuant to 28 U.S.C. 1332(a)(1) Diversity Statute**

VII. Requested in Complaint
          Class Action:N o
          Dollar Demand:$ 350,000.00
          Jury Demand:Y es

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature:   *Robert S. Pinzur*

Date:   3/23/05

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**



## United States District Court for the Northern District of Illinois

**O5C 1692**

Case Number: _____     Assigned/Issued   By: _____

JUDGE NORGLE

### FEE INFORMATION

MAGISTRATE JUDGE NOLAN

**Amount Due:**   ☒ $250.00     ☐ $39.00     ☐ $5.00

                  ☐ IFP         ☐ No Fee      ☐ Other _____

                  ☐ $255.00

No. Service copies _____

*(For use by Fiscal Department Only)*

Amount Paid: 250.00                 Receipt #: 04208712

Date Payment Rec'd MAR 2 3 2005      Fiscal Clerk: _____

### ISSUANCES

☐ Summons                              ☐ Alias Summons

☐ Third Party Summons                  ☐ Lis Pendens

☐ Non Wage Garnishment Summons         ☐ Abstract of Judgment

☐ Wage-Deduction Garnishment Summons   _____

☐ Citation to Discover Assets          _____
                                       *(Victim and $ Amount)*
☐ Writ _____
        *(Type of Writ)*

Original and _____ copies on _____ as to _____
                              *(Date)*

_____

_____

C:\wpwin80\docket\feeinfo.frm   03/22/05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

Emily Chin,

v.

Intercontinental Hotels Group, et al,.

**FILED**

APR 2 8 2005

MICHAEL W. DOBBINS
U.S. DISTRICT COURT

Case Number: **05 C 1692**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group Operating Corp., Intercontinental Hotels Group and Midland Hotel Corp., doing business as Holiday Inn & Suites

| (A) | (B) |
|---|---|
| SIGNATURE *Robert Schey* | SIGNATURE |
| NAME  Robert Schey | NAME |
| FIRM  Robert Schey and Associates | FIRM |
| STREET ADDRESS  188 W. Randolph St., Suite 1000 | STREET ADDRESS |
| CITY/STATE/ZIP  Chicago, IL 60601 | CITY/STATE/ZIP |
| TELEPHONE NUMBER  312-263-0057   FAX NUMBER  312-236-4770 | TELEPHONE NUMBER   FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  2479974 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☑  NO ☐ | MEMBER OF TRIAL BAR?   YES ☐  NO ☐ |
| TRIAL ATTORNEY?   YES ☑  NO ☐ | TRIAL ATTORNEY?   YES ☐  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?   YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER   FAX NUMBER | TELEPHONE NUMBER   FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☐  NO ☐ | MEMBER OF TRIAL BAR?   YES ☐  NO ☐ |
| TRIAL ATTORNEY?   YES ☐  NO ☐ | TRIAL ATTORNEY?   YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?   YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?   YES ☐  NO ☐ |

Z:\files\05y103\answer2.wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR 2 8 2005 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| EMILY CHIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 1692 |
| | ) | |
| vs. | ) | |
| | ) | Judge Norgle |
| INTERCONTINENTAL HOTELS GROUP | ) | Magistrate Judge Nolan |
| RESOURCES, INC., INTERCONTINENTAL | ) | |
| HOTELS GROUP OPERATING CORP., | ) | |
| INTERCONTINENTAL HOTELS GROUP and | ) | JURY DEMANDED |
| MIDLAND HOTEL CORP., doing business as | ) | |
| HOLIDAY INN HOTEL & SUITES, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

NOW COME the defendants, MIDLAND HOTEL CORP., doing business as HOLIDAY

INN HOTEL & SUITES (hereinafter referred to as "MIDLAND"); INTERCONTINENTAL

HOTELS GROUP RESOURCES, INC., INTERCONTINENTAL HOTELS GROUP

OPERATING CORP., and INTERCONTINENTAL HOTELS GROUP (hereinafter referred to

collectively as "INTERCONTINENTAL") by and through their attorneys, ROBERT SCHEY

AND ASSOCIATES, and in answer to the Complaint filed by the plaintiff, state as follows:

1.      The defendants admit that plaintiff has filed this lawsuit in the United States

District Court for the Northern District of Illinois, Eastern Division under theory of diversity of

citizenship pursuant to 28 U.S.C. 1332(a)(1); however, the defendants neither admit nor deny

that this Court has jurisdiction as that is a conclusion of law and, therefore, the defendants deny

the allegation.

2.      The defendants neither admit nor deny the allegations of paragraph two because of

want of knowledge and therefore demand that the allegations of paragraph two be strictly proved.

3. The defendant, MIDLAND, admits the allegation of paragraph three. The defendants, INTERCONTINENTAL, deny the allegations of paragraph three, as alleged.

4. In answer to paragraph four, the defendant, MIDLAND, admits that it owned, maintained and controlled the hotel as described, and further admits that it was open for business to the public as a hotel at the time and place in question. The defendants, INTERCONTINENTAL, deny the allegations of paragraph four, deny that they owned, maintained, or controlled the hotel in question, and neither admit nor deny the allegations that the hotel was open to the general public for the purpose of visiting or lodging in said hotel because of want of knowledge and therefore, as to the defendant, INTERCONTINENTAL, they demand strict proof

5. The defendant, MIDLAND, admits that the plaintiff was on the premises that it owned, but neither admits nor denies the remaining allegations of paragraph five because of want of knowledge and, therefore, demands that the allegations of paragraph five be strictly proved. The defendants, INTERCONTINENTAL, neither admit nor deny the allegations of paragraph five because of want of knowledge and, therefore demand that the allegations be strictly proved.

6. The defendant, MIDLAND, admits that it had a duty to maintain the hotel, its rooms and its bathrooms in a reasonably good condition, but denies the remaining allegations of paragraph six as alleged. The defendants, INTERCONTINENTAL, deny the allegations of paragraph six as alleged.

7. The defendants deny each every allegation of paragraph seven including, but not

-2-

limited to, paragraphs 7a through 7d, inclusive.

8.    The defendants deny the allegations of paragraph eight as alleged.

9.    The defendants deny the allegations of paragraph nine as alleged.

10.   The defendants deny the allegations of paragraph 10 as alleged including, but not

limited to paragraphs 10a through 10e, inclusive.

11.   The defendants deny the allegations of paragraph 11 as alleged.

WHEREFORE the defendants MIDLAND and INTERCONTINENTAL pray that

judgment be entered in their favor and against the plaintiff, EMILY CHIN.

THESE DEFENDANTS DEMAND TRIAL BY JURY.

Robert Schey
ROBERT SCHEY AND ASSOCIATES
Attorney #2479974
Attorneys for Defendants
188 West Randolph Street, Suite 1000
Chicago, IL 60601
312-263-0057

## AFFIRMATIVE DEFENSE

Without prejudice to their denials and any and all other statements made in their answer,

the defendants, MIDLAND and INTERCONTINENTAL state as their Affirmative Defense to

the Compliant of plaintiff, EMILY CHIN, as follows:

## FIRST AFFIRMATIVE DEFENSE

1.    It was the duty of the plaintiff, EMILY CHIN, before and at the time of the

occurrence alleged in her Complaint at Law to exercise due care and caution for her own safety

and in a manner so as not to injure or cause damage to herself.

-3-

2.      Notwithstanding said duty and breach thereof the plaintiff, EMILY CHIN, was
guilty of one or more of the following acts or omissions of negligence, misconduct or fault:

(a)      Failed to keep a proper lookout with respect to where she was
          going and what she was doing.

(b)      Failed to observe a condition that was open and obvious to all.

(c)      Knowingly exposed herself to an alleged dangerous situation.

(d)      Failed to otherwise use due care and caution for her own safety.

(e)      Was otherwise careless and negligent in causing her own injuries.

3.      The aforementioned negligence, misconduct, and/or fault of the plaintiff, EMILY
CHIN, contributed in whole or in part to proximately cause the alleged injuries and damages for
which plaintiff seeks recovery.

4.      As a result of the negligence, misconduct and/or fault of the plaintiff, EMILY
CHIN, plaintiff is precluded from any recovery from the defendants, MIDLAND and
INTERCONTINENTAL or, in the alternative any damages awarded to plaintiff shall be
diminished in proportion to the amount of negligence, misconduct, and/or fault attributable to the
plaintiff, EMILY CHIN.

WHEREFORE defendants, MIDLAND and INTERCONTINENTAL, deny that plaintiff
is entitled to judgment against them in any amount whatsoever and further pray that this Court
dismiss plaintiff's Complaint with prejudice and award these defendants their costs.  In the
alternative and to the extent any damages are awarded to plaintiff, EMILY CHIN, said amount of
damages should be reduced in proportion to the amount of negligence, misconduct and/or fault
attributable to the plaintiff, EMILY CHIN, and if the negligence, misconduct and/or fault on the

-4-

part of the plaintiff is determined by the trier of fact to be more than 50% of the proximate cause

of the alleged injuries and damages for which plaintiff seeks recovery then under the law

defendants should not be held liable to the plaintiffs.

_____

Robert Schey
ROBERT SCHEY AND ASSOCIATES
Attorney #2479974
Attorneys for Defendants
188 West Randolph Street, Suite 1000
Chicago, IL 60601
312-263-0057

Z:\files\05y103\notflg01.wpd

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

# FILED

EMILY CHIN,

      Plaintiff,

      vs.

INTERCONTINENTAL HOTELS GROUP
RESOURCES, INC., INTERCONTINENTAL
HOTELS GROUP OPERATING CORP.,
INTERCONTINENTAL HOTELS GROUP and
MIDLAND HOTEL CORP., doing business as
HOLIDAY INN HOTEL & SUITES,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

APR 2 8 2005  WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 05 C 1692

Judge Norgle

Magistrate Judge Nolan

## NOTICE OF FILING

To:   Pinzur & Hartstein, Ltd.
       4180 RFD Route 83, Suite 208
       Long Grove, IL 60047

     **PLEASE TAKE NOTICE** that on _____4-28-2005_____ we have filed
with the clerk of the United States District Court for the Northern District of Illinois
Eastern Division, the following documents:

**APPEARANCE**
**ANSWER TO COMPLAINT**
**MOTION TO STRIKE CERTIFICATION PROVISION OF PLAINTIFF'S VERIFIED**
**COMPLAINT**

copies of which are herewith served upon you.

_____
Robert Schey

Robert Schey
**ROBERT SCHEY AND ASSOCIATES**
Attorney #2479974
188 W. Randolph St., Suite 1000
Chicago, IL 60601
312-263-0057

## CERTIFICATE OF SERVICE

**ROBERT SCHEY**, attorney for the defendants, certifies that the within Notice of

Filing and related documents,  were served upon plaintiff's counsel by mailing copies of

same on _____4-28_____, 2005.

_____
Robert Schey

-2-

Z:\files\05y103\motion02.wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**FILED**

APR 2 8 2005  WH

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

EMILY CHIN,                                          )
                                                    )
            Plaintiff,                              )       No. 05 C
                                                    )
    vs.                                             )
                                                    )       Judge Norgle
INTERCONTINENTAL HOTELS GROUP                       )       Magistrate Judge Nolan
RESOURCES, INC., INTERCONTINENTAL                   )
HOTELS GROUP OPERATING CORP.,                       )
INTERCONTINENTAL HOTELS GROUP and                   )
MIDLAND HOTEL CORP., doing business as              )
HOLIDAY INN HOTEL & SUITES,                         )
                                                    )
            Defendants.                             )

## MOTION TO STRIKE CERTIFICATION PROVISION
## OF PLAINTIFF'S VERIFIED COMPLAINT

NOW COME the defendants, MIDLAND HOTEL CORP., doing business as HOLIDAY

INN HOTEL & SUITES (hereinafter referred to as "MIDLAND"); INTERCONTINENTAL

HOTELS GROUP RESOURCES, INC., INTERCONTINENTAL HOTELS GROUP

OPERATING CORP., and INTERCONTINENTAL HOTELS GROUP (hereinafter referred to

collectively as "INTERCONTINENTAL") by and through their attorneys, ROBERT SCHEY

AND ASSOCIATES, and move to strike from plaintiff's Complaint the requirement of the

defendants to file a verified answer or, in the alternative to strike that portion of plaintiff's

Complaint entitled "Verified Complaint" and verification, and in support of said motion, state as

follows:

1.      The plaintiff EMILY CHIN has filed an action for negligence in this Court against

the defendants, MIDLAND and INTERCONTINENTAL.

2.    The plaintiff in her complaint seeks damages for personal injuries and reimbursement for medical expenses, loss of time from work and living expenses incurred.

3.    The plaintiff has entitled her complaint "Verified Complaint" and has, on the last page of her complaint, attached what purports to be a verification clause. Said verification alleges that it is pursuant to Chapter 735 ILCS 5/1-109 and states "...she has read the foregoing Verified Complaint and its true and accurate to her best knowledge and belief.". The statute states that proper verification should read as follows: "...1-109 of the Illinois Code of Civil Procedure the undersigned certifies the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." Nowhere does it say that verification of a complaint is sufficient when it is based upon her best knowledge and belief.

WHEREFORE, defendants, MIDLAND and INTERCONTINENTAL, pray that the verification clause attached to the plaintiff's Complaint be stricken and that the defendants be allowed to answer without verification.

Robert Schey
ROBERT SCHEY AND ASSOCIATES
Attorneys for Defendants
188 West Randolph Street, Suite 1000
Chicago, IL 60601
312-263-0057

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1692 | **DATE** | 5/5/2005 |
| **CASE TITLE** | Emily Chin vs. Intercontinental Hotels Group, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

Defendant's Motion to Strike Certification Provision of Plaintiff's Verified Complaint [6-1]

Defendant's Motion to Strike Certification Provision of Plaintiff's Verified Complaint [6-1] is denied. See below.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Before the court is Defendant Midland Hotel Corporation's ("Midland") Motion to Strike Certification Provision of Plaintiff's Verified Complaint [6-1]. For the following reasons, the motion is denied.

The court notes that Midland fails to cite any Federal Rule of Civil Procedure in its motion. See U.S. v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) (noting that an undeveloped argument speaks to its paucity, and that courts are not required to consider such arguments); see also Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 788 n.18 (7th Cir. 2004) (an undeveloped argument, or an argument not supported by legal authority is waived).

Furthermore, Midland alleges a violation of Illinois procedural law pursuant to 735 ILL. COMP. STAT. 5/1-109. However, in a federal lawsuit brought under diversity jurisdiction, it is Federal Civil Procedure that controls. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); see also Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427 (1996) (under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law).

For the foregoing reasons, Defendant's Motion to Strike Certification Provision of Plaintiff's Verified Complaint [6-1] is denied.

IT IS SO ORDERED.

| | Courtroom Deputy Initials: | ER |
|---|---|---|

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMILY CHIN,                                    )
                                               )
            Plaintiff,                         )
                                               )        NO.    05 C 1692
vs.                                            )
                                               )        Judge Charles R. Norgle
INTERCONTINENTAL HOTELS GROUP                  )
RESOURCES, INC., INTERCONTINENTAL              )        Magistrate Judge Nan R. Nolan
HOTELS GROUP OPERATING CORP. ,                 )
INTERCONTINENTAL HOTELS GROUP and              )
MIDLAND HOTEL CORP., doing business            )
as HOLIDAY INN HOTEL & SUITES.                 )
                                               )
            Defendants.                        )

### NOTICE OF FILING AND CERTIFICATION

To:    Robert Schey
       Robert Schey And Associates
       Suite 1000
       188 W Randolph
       Chicago, IL 60601

Please take notice the following pleadings were filed with the Court Clerk on May 11, 2005:

1.     Notice Of Filing and Certification.

2.     Answer to Affirmative Defense.

                                   Pinzur, Cohen & Kerr, Ltd.

### CERTIFICATION

Laura E. Cohen, an attorney, certifies pursuant to the Court Rules she served this Notice of Filing
And Certification upon the above-named person at the address indicated above by depositing same in the
U.S. mail, 4180 RFD Route 83, Long Grove, IL 60047 on or before May 11, 2005.

Laura E. Cohen
Pinzur, Cohen & Kerr, Ltd.
Attorney No.: 3122002
Attorney for Plaintiff
4180 RFD Route 83, Suite 208
Long Grove, Il  60047-9582
847/821-5290
Fax: 847/821-5293

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMILY CHIN,                                        )
                                                   )
                     Plaintiff,                    )
                                                   )
vs.                                                )    NO.    05 C 1692
                                                   )
INTERCONTINENTAL HOTELS GROUP                      )    Judge Charles R. Norgle
RESOURCES, INC., INTERCONTINENTAL                  )
HOTELS GROUP OPERATING CORP. ,                     )    Magistrate Judge Nan R. Nolan
INTERCONTINENTAL HOTELS GROUP and                  )
MIDLAND HOTEL CORP., doing business                )
as HOLIDAY INN HOTEL & SUITES.                     )
                                                   )
                     Defendants.                   )

F I L E D

MAY 1 1 2005

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

## ANSWER TO AFFIRMATIVE DEFENSE

Now comes Plaintiff, Emily Chin, by Pinzur, Cohen & Kerr, Ltd., her attorneys, replying
to Defendants', Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group
Operating Corp. , Intercontinental Hotels Group and Midland Hotel Corp., doing business as
Holiday Inn Hotel & Suites, Affirmative Defense and states:

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff admits all duties imposed by law, but denies any breach thereof and
      denies Defendants correctly state said duties in paragraph one (1) of the First
      Affirmative Defense.

2.    Plaintiff denies the allegations set forth in paragraph two (2), including sub-
      paragraphs (a) through (e), of the First Affirmative Defense.

3.    Plaintiff denies the allegations set forth in paragraph three (3) of the First
      Affirmative Defense.

4.      Plaintiff denies the allegations set forth in paragraph four (4) of the First

Affirmative Defense.

Wherefore, Plaintiff prays for judgement in her favor and against Defendants,

Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group Operating

Corp. , Intercontinental Hotels Group and Midland Hotel Corp., doing business as

Holiday Inn Hotel & Suites, and other relief deemed appropriate by this Court. .

Respectfully Submitted:

Emily Chin


By: _____
      Pinzur, Cohen & Kerr, Ltd.



Pinzur, Cohen & Kerr, Ltd.
Atty. # 3122002
Attorney For Plaintiff
Suite 208
4180 RFD Route 83
Long Grove, Illinois 60047
847/821-5290
Fax: 847/821-5293

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 2.4
### Eastern Division

Emily Chin

                            Plaintiff,

v.

                                            Case No.:
                                            1:05−cv−01692
                                            Honorable Charles
                                            R. Norgle Sr.

Intercontinental Hotels Group Resources, Inc., et al.

                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 17, 2005:

       MINUTE entry before Judge Charles R. Norgle Sr.: Status hearing set for 6/14/2005 at 09:30 AM.Mailed notice(ewf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 2.4
### Eastern Division

Emily Chin

　　　　　　　　　　　　　　　　Plaintiff,

v.

Intercontinental Hotels Group Resources, Inc., et al.

　　　　　　　　　　　　　　　　Defendant.

Case No.:
1:05−cv−01692
Honorable Charles
R. Norgle Sr.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 14, 2005:

　　　　MINUTE entry before Judge Charles R. Norgle Sr.:Status hearing held on 6/14/2005. Case dismissed with leave for plaintiff to file an amended complaint within 21 days. Defendants are given 20 days to answer or otherwise plead to any amended complaint. Civil case terminated. Status hearing set for 7/27/2005 at 09:30 AM.Mailed notice(ewf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

JUL - 1 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EMILY CHIN,                                    )
                                               )
                Plaintiff,                     )
                                               )        NO.    05 C 1692
vs.                                            )
                                               )        Judge Charles R. Norgle
INTERCONTINENTAL HOTELS GROUP                  )
RESOURCES, INC., INTERCONTINENTAL              )        Magistrate Judge Nan R. Nolan
HOTELS GROUP OPERATING CORP. ,                 )
INTERCONTINENTAL HOTELS GROUP and              )
MIDLAND HOTEL CORP., doing business            )
as HOLIDAY INN HOTEL & SUITES.                 )
                                               )
                Defendants.                    )

## NOTICE OF FILING AND CERTIFICATION

To:     Robert Schey
        Robert Schey And Associates
        Suite 1000
        188 W Randolph
        Chicago, IL 60601

Please take notice the following pleadings will be filed with the Court Clerk on July 1, 2005:

1.      Notice Of Filing and Certification.

2.      Amended Compliant.

                        _____
                        Pinzur, Cohen & Kerr, Ltd.

### CERTIFICATION

Megan L. Kerr, an attorney, certifies pursuant to the Court Rules she served this Notice of Filing
And Certification upon the above-named person at the address indicated above by depositing same in the
U.S. mail, 4180 RFD Route 83, Long Grove, IL 60047 on or before June 30, 2005.

                        _____
                        Megan L. Kerr

Pinzur, Cohen & Kerr, Ltd.
Attorney No.: 3122002
Attorney for Plaintiff
4180 RFD Route 83, Suite 208
Long Grove, Il  60047-9582
847/821-5290
Fax: 847/821-5293

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



KC FILED
JUL - 1 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EMILY CHIN,                              )
                                         )
            Plaintiff,                   )
                                         )      NO. 05 C 1692
vs.                                      )
                                         )      JURY DEMAND
INTERCONTINENTAL HOTELS GROUP            )
RESOURCES, INC., INTERCONTINENTAL        )      Judge Charles R. Norgle
HOTELS GROUP OPERATING CORP. ,           )
INTERCONTINENTAL HOTELS GROUP and        )      Magistrate Judge Nan R. Nolan
MIDLAND HOTEL CORP., doing business      )
as HOLIDAY INN HOTEL & SUITES.           )
                                         )
            Defendants.                  )

## AMENDED COMPLAINT

NOW COMES Plaintiff, Emily Chin (hereinafter referred to as "Chin"), by Brian S.

Brewer, Laura E. Cohen, Megan L. Kerr, Brian R. Merfeld and Robert S. Pinzur, her attorneys,

complaining of Defendants InterContinental Hotels Group Resources, Inc., InterContinental

Hotels Group Operating Corp., InterContinental Hotels Group, and Midland Hotel Corp., doing

business as Holiday Inn Hotel & Suites (hereinafter referred to as "Hotel"), foreign corporations,

(hereinafter collectively referred to as "Defendants") and states:

1.    This court has jurisdiction of this action based upon diversity of citizenship

      Pursuant to 28 U.S.C. 1332(a)(1).

2.    At relevant times, Plaintiff, Emily Chin, was a citizen and resident of Waukegan,

      Illinois.

3.  Plaintiff, Emily Chin, is now a citizen of Manchester, New Hampshire.

4.  Defendant, InterContinental Hotels Group Resources, Inc., is incorporated in the
    state of Delaware, and its principal place of business is located in Atlanta,
    Georgia.

5.  Defendant, InterContinental Hotels Group Operating Corp., is incorporated in the
    state of Delaware, and its principal place of business is located in Atlanta,
    Georgia.

6.  Defendant, InterContinental Hotels Group, is incorporated in the state of
    Delaware, and its principal place of business is located in Atlanta, Georgia.

7.  Defendant, Midland Hotel Corp., doing business as Holiday Inn Hotel & Suites,
    is incorporated in Massachusetts and its principal place of business is located in
    Peabody, Massachusetts.

8.  Defendants are foreign corporations.

9.  On  March 25, 2002, Defendants owned, maintained and controlled a certain
    Hotel located at 1 Newbury Street, Peabody, MA  01960 known as Holiday Inn, to
    which the general public was invited by Defendants to enter for the purpose of
    visiting or lodging in said Hotel.

5.  On the aforesaid date Plaintiff was lawfully on the premises owned by
    Defendants and was entering the shower in her hotel room.

6.  It was the duty of Defendants to keep and maintain the hotel room and its
    bathrooms, including the bathroom tub, in a good, reasonably safe and unslippery
    condition.

7.  In violation of this duty, Defendants, through their agents and employees, were

guilty of one or more of the following negligent acts or omissions:

a)      Carelessly and negligently failed to provide hand rails in the bathtub area to prevent persons from falling.

b)      Carelessly and negligently failed to provide skid strips in the bathtub to prevent persons from falling.

c)      Carelessly and negligently failed to provide rugs or mats about those areas of the bathtub which accumulated water and do not skid to prevent persons from slipping on the bathtub.

d)      Otherwise carelessly and negligently maintained and controlled its bathtub.

8.      Defendants knew or in the exercise of ordinary care should have known of such conditions.

9.      As a direct and proximate result of said negligence, Chin slipped and fell on the slippery bathtub of the bathroom of said hotel room, after the agents or employees of Defendants failed to provide a hand rail or skid strips or otherwise failed to protect persons from the slippery condition of the bathtub in the bathroom of the hotel room.

10.     As a direct and proximate result of her fall, Chin was injured and she suffered a torn anterior cruciate ligament on her right knee and suffered the following damages:

a)      Disability.

b)      Pain and suffering.

c)      The expense of necessary care and treatment.

d)      The value of time lost from her employment.

e)      Additional living expenses.

11.   A substantial portion of Chin's medical treatment arising from this cause occurred

in the State of Illinois.

12.   At the time of the injurious occurrence herein described, and immediately prior

thereto, Chin was in the exercise of due care and caution for her own safety.

WHEREFORE, Plaintiff, Emily Chin, demands judgment against Defendants,

Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group Operating Corp.,

Intercontinental Hotels Group and Midland Hotel Group., doing business as Holiday Inn Hotel &

Suites, foreign corporations, in excess of THREE HUNDRED FIFTY THOUSAND

($350,000.00) DOLLARS.

Respectfully Submitted:

**Emily Chin**

By: _Robert E. Pinzur_

Pinzur, Cohen & Kerr, Ltd.

Pinzur, Cohen & Kerr, Ltd.
Atty. # 11162
Attorney For Plaintiff
Suite 208
4180 RFD Route 83
Long Grove, Illinois 60047
847/821-5290
Fax: 847/821-5293

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1692 | **DATE** | 7/6/2005 |
| **CASE TITLE** | Chin vs. Intercontinental Hotel Group Resources, et al. | | |

**DOCKET ENTRY TEXT:**

### Amended Complaint

At the status hearing of 6/14/2005, Plaintiff's counsel advised the court that Plaintiff was a citizen of Illinois and that the accident occurred in Massachusetts. Now, with the filing of an Amended Complaint, Plaintiff is now a citizen of New Hampshire. Plaintiff must show cause as to why the case should not be transferred to the District of Massachusetts. See Hyatt Intern. Corp. v. Coco, 302 F.3d 707, 717 (7th Cir. 2002); see also Heller Fin., Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). Plaintiff has 21 days to file her brief, and Defendants have 14 days to respond. It is so ordered.

Docketing to mail notices.

| | Courtroom Deputy Initials: | ER |
|---|---|---|

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EMILY CHIN,              )
                                )
       Plaintiff,        )
                                )
       vs.                  )    No. 05 C 1692
                                )
INTERCONTINENTAL HOTELS GROUP    )    Judge Norgle
RESOURCES, INC., et al,        )
                                )
       Defendants.    )    Magistrate Judge Nolan
                                )

## NOTICE OF FILING AND CERTIFICATION

To:    Pinzur & Hartstein, Ltd.
        4180 RFD Route 83, Suite 208
        Long Grove, IL 60047

       **PLEASE TAKE NOTICE** that the following pleadings will be filed with the Court Clerk on July 11, 2005:

1.    Notice of Filing and Certification.

2.    Answer to Amended Complaint.

**FILED**

JUL 11 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

_____
Robert Schey

## CERTIFICATE OF SERVICE

       **ROBERT SCHEY**, an attorney, certifies pursuant to the Court Rules that he served the above named documents upon the above-named person at the address indicated above by depositing same in the U.S. mail located at 188 W. Randolph, Chicago, Illinois, 60601 on July 7, 2005.

_____
Robert Schey

Robert Schey
**ROBERT SCHEY AND ASSOCIATES**
Attorney #2479974
188 W. Randolph St., Suite 1000
Chicago, IL 60601
312-263-0057

Z:\files\05y103\answer.wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUL 11 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EMILY CHIN,                              )
                                         )
            Plaintiff,                   )        No. 05 C 1692
                                         )
      vs.                                )
                                         )        Judge Norgle
INTERCONTINENTAL HOTELS GROUP            )        Magistrate Judge Nolan
RESOURCES, INC., INTERCONTINENTAL        )
HOTELS GROUP OPERATING CORP.,            )
INTERCONTINENTAL HOTELS GROUP and        )        JURY DEMANDED
MIDLAND HOTEL CORP., doing business as   )
HOLIDAY INN HOTEL & SUITES,              )
                                         )
            Defendants.                  )

## ANSWER TO AMENDED COMPLAINT and AFFIRMATIVE DEFENSE

NOW COME the defendants, MIDLAND HOTEL CORP., doing business as HOLIDAY

INN HOTEL & SUITES (hereinafter referred to as "MIDLAND"); INTERCONTINENTAL

HOTELS GROUP RESOURCES, INC., INTERCONTINENTAL HOTELS GROUP

OPERATING CORP., and INTERCONTINENTAL HOTELS GROUP (hereinafter referred to

collectively as "INTERCONTINENTAL") by and through their attorneys, ROBERT SCHEY

AND ASSOCIATES, and in answer to the Complaint filed by the plaintiff, state as follows:

1.      The defendants admit that plaintiff has filed this lawsuit in the United States

District Court for the Northern District of Illinois, Eastern Division under theory of diversity of

citizenship pursuant to 28 U.S.C. 1332(a)(1); however, the defendants neither admit nor deny

that this Court has jurisdiction as that is a conclusion of law and, therefore, the defendants deny

the allegation.

2.      The defendants neither admit nor deny the allegations of paragraph two because of

want of knowledge and therefore demand that the allegations of paragraph two be strictly proved.

3.      The defendants neither admit nor deny that EMILY CHIN is a citizen of Manchester, New Hampshire because of want of knowledge and therefore demand strict proof.

4.      The defendants admit the allegations of paragraph four.

5.      The defendants admit the allegations of paragraph five.

6.      The defendants admit the allegations of paragraph six.

7.      The defendants admit the allegations of paragraph seven.

8.      The defendants admit for the purpose of these pleadings that the defendants are foreign corporations to Illinois.

9.      In answer to paragraph nine the defendant, MIDLAND, admits the allegations of paragraph nine as alleged.  In answer to paragraph nine the defendants, INTERCONTINENTAL, deny the allegations of paragraph nine, deny that they owned, maintained or controlled the hotel in question, but neither admit nor deny that the hotel was open to the general public for the purpose of visiting or lodging because of want of knowledge and, therefore, as to the defendants, INTERCONTINENTAL, they demand strict proof.

5 which should be numbered 10.      The defendant, MIDLAND, admits the allegations of paragraph 5; the defendants, INTERCONTINENTAL, deny the allegations of said paragraph as alleged.

6 which should be numbered 11.      The defendants INTERCONTINENTAL deny the allegations of  paragraph 6.  The defendant MIDLAND admits it had a duty to maintain the hotel rooms in a reasonably good and reasonably safe condition.  As to the remaining allegations of this paragraph, they are denied as alleged.

-2-

7 which should be numbered 12.    The defendants and each of them deny each and every allegation of paragraph 7 including but not limited to paragraphs 7arough 7d, inclusive.

8 which should be numbered 13.    The defendants and each of them deny each and every allegation of paragraph 8.

9 which should be numbered 14.    In answer to paragraph 9 the defendants, and each of them, deny the allegations of paragraph 9.

10 which should be numbered 15.    The defendants deny each and every allegation of paragraph 10 including, but not limited to, paragraph 10a through 10e, inclusive.

11 which should be numbered 16.    The defendants neither admit nor deny the allegations of paragraph 11 because of want of knowledge and therefore demand strict proof.

12 which should be numbered 17.    The defendants, and each of them, deny the allegations of paragraph 12 as alleged.

WHEREFORE the defendants MIDLAND and INTERCONTINENTAL pray that this suit so wrongfully brought be dismissed or that judgment be entered in their favor and against the plaintiff, EMILY CHIN.

THESE DEFENDANTS DEMAND TRIAL BY JURY.

Robert Schey
ROBERT SCHEY AND ASSOCIATES
Attorney #2479974
Attorneys for Defendants
188 West Randolph Street, Suite 1000
Chicago, IL 60601
312-263-0057

-3-

## AFFIRMATIVE DEFENSE

Without prejudice to their denials and any and all other statements made in their answer, the defendants, MIDLAND and INTERCONTINENTAL state as their Affirmative Defense to the Compliant of plaintiff, EMILY CHIN, as follows:

## FIRST AFFIRMATIVE DEFENSE

1.    It was the duty of the plaintiff, EMILY CHIN, before and at the time of the occurrence alleged in her Complaint at Law to exercise due care and caution for her own safety and in a manner so as not to injure or cause damage to herself.

2.    Notwithstanding said duty and breach thereof the plaintiff, EMILY CHIN, was guilty of one or more of the following acts or omissions of negligence, misconduct or fault:

(a)    Failed to keep a proper lookout with respect to where she was going and what she was doing.

(b)    Failed to observe a condition that was open and obvious to all.

(c)    Knowingly exposed herself to an alleged dangerous situation.

(d)    Failed to otherwise use due care and caution for her own safety.

(e)    Was otherwise careless and negligent in causing her own injuries.

3.    The aforementioned negligence, misconduct, and/or fault of the plaintiff, EMILY CHIN, contributed in whole or in part to proximately cause the alleged injuries and damages for which plaintiff seeks recovery.

4.    As a result of the negligence, misconduct and/or fault of the plaintiff, EMILY CHIN, plaintiff is precluded from any recovery from the defendants, MIDLAND and INTERCONTINENTAL or, in the alternative any damages awarded to plaintiff shall be

-4-

diminished in proportion to the amount of negligence, misconduct, and/or fault attributable to the plaintiff, EMILY CHIN.

WHEREFORE defendants, MIDLAND and INTERCONTINENTAL, deny that plaintiff is entitled to judgment against them in any amount whatsoever and further pray that this Court dismiss plaintiff's Complaint with prejudice and award these defendants their costs. In the alternative and to the extent any damages are awarded to plaintiff, EMILY CHIN, said amount of damages should be reduced in proportion to the amount of negligence, misconduct and/or fault attributable to the plaintiff, EMILY CHIN, and if the negligence, misconduct and/or fault on the part of the plaintiff is determined by the trier of fact to be more than 50% of the proximate cause of the alleged injuries and damages for which plaintiff seeks recovery then under the law defendants should not be held liable to the plaintiffs.

Robert Schey
ROBERT SCHEY AND ASSOCIATES
Attorney #2479974
Attorneys for Defendants
188 West Randolph Street, Suite 1000
Chicago, IL 60601
312-263-0057

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 2.4
### Eastern Division

Emily Chin

                              Plaintiff,

v.                                                   Case No.:
                                                     1:05−cv−01692
                                                     Honorable Charles
                                                     R. Norgle Sr.

Intercontinental Hotels Group Resources, Inc., et al.

                              Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 27, 2005:

     MINUTE entry before Judge Charles R. Norgle Sr.:Status hearing held on 7/27/2005. Plaintiff's time to file her brief (regarding the transfer issue) is extended to and including 8/10/05. Defendant's response is due on or before 8/24/2004. Status hearing continued to 8/31/2005 at 09:30 AM.Mailed notice(ewf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**KC FILED**

JUL 2 7 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EMILY CHIN,                                     )
                                                )
            Plaintiff,                          )
                                                )        NO.   05 C 1692
vs.                                             )
                                                )        Judge Charles R. Norgle
INTERCONTINENTAL HOTELS GROUP                   )
RESOURCES, INC., INTERCONTINENTAL               )        Magistrate Judge Nan R. Nolan
HOTELS GROUP OPERATING CORP. ,                  )
INTERCONTINENTAL HOTELS GROUP and               )
MIDLAND HOTEL CORP., doing business             )
as HOLIDAY INN HOTEL & SUITES.                  )
                                                )
            Defendants.                         )

## NOTICE OF FILING AND CERTIFICATION

To:    Robert Schey
       Robert Schey And Associates
       Suite 1000
       188 W Randolph
       Chicago, IL 60601

Please take notice the following pleadings will be filed with the Court Clerk on July 27, 2005:

1.     Notice Of Filing and Certification.

2.     Answer to Affirmative Defense.

Pinzur, Cohen & Kerr, Ltd.

## CERTIFICATION

Laura E. Cohen, an attorney, certifies pursuant to the Court Rules she served this Notice of Filing
And Certification upon the above-named person at the address indicated above by depositing same in the
U.S. mail, 4180 RFD Route 83, Long Grove, IL 60047 on or before July 27, 2005.

Laura E. Cohen

Pinzur, Cohen & Kerr, Ltd.
Attorney No.: 3122002
Attorney for Plaintiff
4180 RFD Route 83, Suite 208
Long Grove, Il  60047-9582
847/821-5290
Fax: 847/821-5293

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC F I L E D

JUL 2 7 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EMILY CHIN,                                    )
                                               )
              Plaintiff,                       )
                                               )        NO.    05 C 1692
vs.                                            )
                                               )        Judge Charles R. Norgle
INTERCONTINENTAL HOTELS GROUP                  )
RESOURCES, INC., INTERCONTINENTAL              )        Magistrate Judge Nan R. Nolan
HOTELS GROUP OPERATING CORP. ,                 )
INTERCONTINENTAL HOTELS GROUP and              )
MIDLAND HOTEL CORP., doing business            )
as HOLIDAY INN HOTEL & SUITES.                 )
                                               )
              Defendants.                      )

## ANSWER TO AFFIRMATIVE DEFENSE

Now comes Plaintiff, Emily Chin, by Pinzur, Cohen & Kerr, Ltd., her attorneys, replying

to Defendants', Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group

Operating Corp. , Intercontinental Hotels Group and Midland Hotel Corp., doing business as

Holiday Inn Hotel & Suites, Affirmative Defense and states:

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff admits all duties imposed by law, but denies any breach thereof and

       denies Defendants correctly states said duties in paragraph one (1) of the First

       Affirmative Defense.

2.     Plaintiff denies the allegations set forth in paragraph two (2), including sub-

       paragraphs (a) through (e), of the First Affirmative Defense.

3.     Plaintiff denies the allegations set forth in paragraph three (3) of the First

       Affirmative Defense.

4.   Plaintiff denies the allegations set forth in paragraph four (4) of the First

Affirmative Defense.

Wherefore, Plaintiff prays for judgement in her favor and against Defendants,

Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group Operating

Corp. , Intercontinental Hotels Group and Midland Hotel Corp., doing business as

Holiday Inn Hotel & Suites, and other relief deemed appropriate by this Court. .

Respectfully Submitted:

Emily Chin

By:_____
      Pinzur, Cohen & Kerr, Ltd.

Pinzur, Cohen & Kerr, Ltd.
Atty. # 3122002
Attorney For Plaintiff
Suite 208
4180 RFD Route 83
Long Grove, Illinois 60047
847/821-5290
Fax: 847/821-5293

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

AUG 1 0 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EMILY CHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO.   05 C 1692 |
| vs. ) | |
| ) | Judge Charles R. Norgle |
| INTERCONTINENTAL HOTELS GROUP ) | |
| RESOURCES, INC., INTERCONTINENTAL ) | Magistrate Judge Nan R. Nolan |
| HOTELS GROUP OPERATING CORP. , ) | |
| INTERCONTINENTAL HOTELS GROUP and ) | |
| MIDLAND HOTEL CORP., doing business ) | |
| as HOLIDAY INN HOTEL & SUITES. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING AND CERTIFICATION

To:    Robert Schey
       Robert Schey And Associates
       Suite 1000
       188 W Randolph
       Chicago, IL 60601

Please take notice the following pleadings will be filed with the Court Clerk on August 10, 2005:

1.    Notice Of Filing and Certification.

2.    Plaintiff's Brief In Support Of Not Transferring This Case To The District Of
      Massachusetts

                                   Pinzur, Cohen & Kerr, Ltd.

## CERTIFICATION

Laura E. Cohen, an attorney, certifies pursuant to the Court Rules she served this Notice of Filing
And Certification upon the above-named person at the address indicated above by depositing same in the
U.S. mail, 4180 RFD Route 83, Long Grove, IL 60047 on or before August 9, 2005.

                                   Laura E. Cohen

Pinzur, Cohen & Kerr, Ltd.
Attorney No.: 3122002
Attorney for Plaintiff
4180 RFD Route 83, Suite 208
Long Grove, Il  60047-9582
847/821-5290
Fax: 847/821-5293

FILED

AUG 1 0 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Attorney No. 3122-02

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMILY CHIN,                                    )
                    Plaintiff,                 )
                                               )    NO.    05 C 1692
vs.                                            )
                                               )    Judge Charles R. Norgle
INTERCONTINENTAL HOTELS GROUP                  )
RESOURCES, INC., INTERCONTINENTAL              )    Magistrate Judge Nan R. Nolan
HOTELS GROUP OPERATING CORP. ,                 )
INTERCONTINENTAL HOTELS GROUP and              )
MIDLAND HOTEL CORP., doing business            )
as HOLIDAY INN HOTEL & SUITES.                 )
                    Defendants.                )

## PLAINTIFF'S BRIEF IN SUPPORT OF NOT TRANSFERRING THIS CASE TO THE DISTRICT OF MASSACHUSETTS

Now comes Plaintiff, Emily Chin, by Robert S. Pinzur, Laura E. Cohen, Megan L. Kerr and Brian S. Brewer, of Pinzur, Cohen & Kerr, Ltd., her attorneys, and in support of not transferring this matter to the District of Massachusetts states:

Pursuant to Honorable Charles R. Norgle's July 6, 2005 Order, Plaintiff must "show cause as to why the case should not be transferred to the District of Massachusetts." A District Court may, for the convenience of parties and witnesses, transfer any civil action to any other district or division where it might have been brought. *Heller Fin. Inc. V. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Plaintiff filed her Amended Complaint on or about July 1, 2005. Defendants filed their Answer To Amended Complaint And Affirmative Defenses (hereinafter referred to as "Answer") on or about July 11, 2005. Defendant's Answer does not challenge jurisdiction or venue. Defendant has not asked for this matter to be transferred, has not stated this venue would be inconvenient and has not shown any reason why the District of Massachusetts would be a more

convenient forum. *See,* Defendant's Answer.

Venue in diversity jurisdiction cases is governed by 28 USCS § 1391(a). Venue may be "...brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 USCS § 1391(a). In this matter, substantial event occurred and expenses were incurred in the Northern District of Illinois. Plaintiff received medical treatment, surgery and physical therapy, and incurred costs in Illinois. Plaintiff's primary surgery took place at the Great Lakes Naval Hospital in Illinois.

The Court must first, determine whether an adequate alternative forum is available and second, weigh several private and public interest factors related to the proper location for the litigation. *Hyatt Intern. Corp. v. Coco,* 302 F.3d 707, 718 (7th Cir. 2002). While the District of Massachusetts is an alternative forum, Plaintiff does not believe the private and public interest factors make the District of Massachusetts a more proper location for the litigation.

In the interest of justice, Plaintiff believes a speedy trial is possible in Illinois and would be more difficult to bring in the primary surgeon at trial in the District of Massachusetts. Plaintiff is an available witness with easy access to Illinois. Plaintiff's physicians and treaters Plaintiff utilized in Illinois are readily available. Further, Plaintiff would need to locate local alternate counsel in a state where she does not reside should this matter be transferred. A certain deference is due to the Plaintiff's choice of forum with respect to convenience. *Hyatt Intern. Corp. v. Coco,* 302 F.3d 707, 718 (7th Cir. 2002).

Pursuant to 28 USCS §1404, Change of Venue,"[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

2

district or division where it might have been brought." 28 USCS §1404. The comments to the

"...subsection requires the court to determine that the transfer is necessary for convenience of the

parties and witnesses, and further, that it is in the interest of justice to do so." 28 USCS §1404.

Further, some weight must be given to Plaintiff's choice of forum. *Heller Fin. Inc. V. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

As in Heller, transferring the case to a district court in Massachusetts only shifts the

inconvenience to Plaintiff. *Heller Fin. Inc. V. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1294

(7th Cir. 1989). Plaintiff's attorneys are in Illinois. Plaintiff's primary treaters and the treater

who can best tie the injury to the occurrence are in Illinois. Much of Plaintiff's damages were

incurred in Illinois. Transferring this case to Massachusetts would inconvenience and harm

Plaintiff and no evidence has been presented to determine the transfer is necessary for any party's

or witness's convenience. Therefore, maintaining this action in the Northern District of Illinois

will not inconvenience any parties but transferring this case would.

Wherefore, Plaintiff prays this matter not be transferred to the District of Massachusetts

and other relief deemed appropriate by this Court.

Respectfully Submitted:
Emily Chin

By:_____
    Pinzur, Cohen & Kerr, Ltd.

Pinzur, Cohen & Kerr, Ltd.
Atty. # 3122002
Attorney For Plaintiff
Suite 208
4180 RFD Route 83
Long Grove, Illinois 60047
847/821-5290
Fax: 847/821-5293

3



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1692 | **DATE** | 8/12/2005 |
| **CASE TITLE** | Chin vs. Intercontinental Hotels Group Resources, Inc., et al | | |

**DOCKET ENTRY TEXT:**

<table>
<tr><td colspan="2" align="center">Remand Order</td></tr>
<tr><td colspan="2">
Before the court is the issue of whether this case must be transferred to the District Court of Massachusetts. For the following reasons, the court transfers this case to the District of Massachusetts.

<br><br>*Charles R. Norgle*
</td></tr>
<tr><td>■[ For further details see text below.]</td><td align="right">Docketing to mail notices.</td></tr>
</table>

---

## STATEMENT

On March 23, 2005, Plaintiff Emily Chin ("Chin") filed a Complaint in the Northern District of Illinois alleging negligence due to a slip and fall in Defendant's Hotel in Peabody, Massachusetts. At the time of the incident, Chin was a citizen of Illinois. Currently, Chin is a citizen of New Hampshire. On June 14, 2005, the court dismissed the Complaint, with leave to file an amended complaint. Ching then filed her amended complaint on July 1. At the status hearing of July 6, 2005, the court advised Ching that she must show cause as to why this case should not be transferred to Massachusetts.

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1404(a), transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) the transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F.Supp. 2d 966, 968 (N.D. Ill. 1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See id.; see also Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d. 1286, 1273 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

Considering all the factors, the court finds that transfer is appropriate in this case. First, venue is proper in the Northern District of Illinois because Chin was a citizen of the state at the time of the events, and has adequately established diversity of the Defendants. See Am. Compl., at 3. Second, venue is also proper in the District of Massachusetts because a substantial part of the alleged acts relating to Chin's claims occurred in Massachusetts. See 28 U.S.C. § 1391(a)(2). The hotel where the alleged negligent events occurred is located in Massachusetts, as are the employees of the hotel who are presumably familiar with the hotel. The only relationship this case has to Illinois is that Chin underwent surgery in Illinois, as a result of her slip and fall.

## STATEMENT

The convenience of the parties and witnesses also favors transfer in this case. When evaluating the convenience and fairness of the proposed transfer, the court must consider: (1) plaintiff's chose of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses; and (4) convenience to the parties – specifically, their respective residences and abilities to bear the expense of trial in a particular forum. See Medi USA v. Jobst Inst. Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992). First, a plaintiff's choice of forum is given substantial weight, see In re National Presto Industries, Inc., 347 F.3d 662, 663 (7th Cir. 2003), however this factor is not usually dominant. See Medi, 791 F.Supp. at 210. Furthermore, it is not the only factor a court must consider. See Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995). Here, Chin's choice of forum is overridden by other substantial factors such as the situs of the event in question and the location of witnesses and documents. See Zelinski v. Columbia 300, Inc., 335 F.3d 633, 643 (7th Cir. 2003). Second, the situs of material events occurred solely in Massachusetts. Chin claims that her injuries are a result of a slip and fall in a hotel bathtub in Peabody, Massachusetts. Most of the discovery would necessarily come from Massachusetts, as would the depositions of witnesses such as hotel staff who were working at the time of the event. Although Chin's choice of forum is an important consideration, the court is to give it less deference where it is not the situs of the material events. Law Bulletin Publishing Co. v. LRP Publications, 992 F. Supp 1014, 1017 (N.D. Ill. 1998). Third, transfer to the District of Massachusetts would facilitate discovery vital to the litigation of this case. Fourth, transfer serves the convenience of the parties. Because Chin is currently a citizen of Massachusetts, she only needs to travel to the courthouse within her state. Had this case been kept in the Northern District of Illinois, Chin would suffer the inconvenience of constant travel to and from her home state, to a foreign jurisdiction.

Lastly, the interests of justice favors a transfer as well. Because it appears that Massachusetts tort law will apply to Chin's state law claims, the District of Massachusetts is better equipped to hear the case than the Northern District of Illinois. Additionally, because Chin is now a citizen of Massachusetts, that state has a greater interest in the litigation of its own citizens.

Therefore, for the foregoing reasons, this case is transferred to the District of Massachusetts.

IT IS SO ORDERED.



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**
CLERK

FILED
CLERK'S OFFICE

2005 AUG 29  P 3: 24

**312-435-5670**

U.S. DISTRICT COURT
DISTRICT OF MASS

August 26, 2005

Sarah Allison Thornton, Clerk of Court
John Joseph Moakley
United States Courthouse
1 Courthouse Way
Suite 2300
Boston, MA 02210

05    11791    JLT

Re:    Chin vs. Intercontinental Hotels Group Resources, Inc. **MAGISTRATE JUDGE** Alexander
       USDC No: 05 cv 1692

Dear Ms. Thornton:

        Enclosed is the certified record which is being transferred to your court pursuant to an order entered by the Honorable Charles R. Norgle on August 12, 2005. Enclosed is a certified copy of the transfer order and docket sheet.

        As of January 18, 2005 for civil and criminal cases, our court uses electronic case filing. You may access our electronic case file and print copies of electronically filed documents by following the procedures on the attached Instruction Sheet. You will need Adobe Acrobat reader loaded on your computer in order to view the documents. If you are an electronic court, you may upload the documents. All documents filed prior to electronic filing are included in this transfer package. (January 18, 2005 for civil and criminal cases)

Please **DO NOT MAKE THE ENCLOSED INSTRUCTION SHEET A PART OF THE OFFICIAL RECORD** as it contains your login and password to our system. This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system.

Please acknowledge receipt on the enclosed copy of this letter.

                            Sincerely yours,

                            Michael W. Dobbins, Clerk

                      By:   Cynthia D. Young, Deputy Clerk

Enclosures
New Case No.   05   11791   JLT            Date _____

CLOSED, NOLAN, TRANSFER

FILED
CLERKS OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 2.4 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:05-cv-01692
## Internal Use Only

Chin v. Intercontinental Hotels Group Resources, Inc. et al
Assigned to: Honorable Charles R. Norgle, Sr
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 03/23/2005
Jury Demand: Defendant
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

## Plaintiff

### Emily Chin

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By _____
DEPUTY CLERK
U. S. DISTRICT COURT NORTHERN
DISTRICT OF ILLINOIS

DATE: 08/26/05

V.

represented by **Robert S. Pinzur**
Attorney
4180 RFD Route 83
Suite 208
Long Grove, IL 60047
(708) 821-5290
*ATTORNEY TO BE NOTICED*

## Defendant

**Intercontinental Hotels Group
Resources, Inc.**

represented by **Robert Barry Schey**
Robert Schey & Associates
188 West Randolph Street
Suite 1927
Chicago, IL 60601
(312) 263-0057
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Intercontinental Hotels Group
Operating Corp.**

represented by **Robert Barry Schey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Intercontinental Hotels Group**

represented by **Robert Barry Schey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Midland Hotel Corp.**
*doing business as*
Holiday Inn Hotel & Suites

represented by **Robert Barry Schey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2005 | ●1 | COMPLAINT filed by Emily Chin; Jury Demand.(cdy, ) (Entered: 03/25/2005) |
| 03/23/2005 | ●2 | CIVIL Cover Sheet. (cdy, ) (Entered: 03/25/2005) |
| 03/23/2005 | 3 | RECEIPT regarding payment of filing fee paid on 3/23/2005 in the amount of \$250.00, receipt number 10420872. (cdy, ) (Entered: 03/25/2005) |
| 04/28/2005 | ●4 | ATTORNEY appearance for defendants Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group Operating Corp., Intercontinental Hotels Group, Midland Hotel Corp. by Robert Barry Schey. (cdy, ) (Entered: 05/02/2005) |
| 04/28/2005 | ●5 | ANSWER to complaint with jury demand by Midland Hotel Corp.(cdy, ) (Entered: 05/02/2005) |
| 04/28/2005 | ●6 | MOTION by Defendant Midland Hotel Corp. to strike certification provision of plaintiff's verified complaint; Notice. (cdy, ) (Entered: 05/02/2005) |
| 05/05/2005 | ●7 | MINUTE entry before Judge Charles R. Norgle Sr.: Defendant's motion to strike certification provision of plaintiff's verified complaint 6 is denied. See below. Mailed notice. (cdy, ) (Entered: 05/10/2005) |
| 05/11/2005 | ●8 | ANSWER to affirmative defense by plaintiff Emily Chin; Notice. (cdy, ) (Entered: 05/13/2005) |
| 05/17/2005 | ●9 | MINUTE entry before Judge Charles R. Norgle Sr.: Status hearing set for 6/14/2005 at 09:30 AM. Mailed notice (ewf, ) (Entered: 05/17/2005) |
| 06/14/2005 | ●10 | MINUTE entry before Judge Charles R. Norgle Sr.: Status hearing held on 6/14/2005. Case dismissed with leave for plaintiff to file an amended complaint within 21 days. Defendants are given 20 days to answer or otherwise plead to any amended complaint. Civil case terminated. Status hearing set for 7/27/2005 at 09:30 AM. Mailed notice (ewf, ) (Entered: 06/14/2005) |
| 07/01/2005 | ●11 | AMENDED complaint by Emily Chin against all defendants ; Notice (las, ) (Entered: 07/07/2005) |
| 07/01/2005 | | ******Case Reopened (las, ) (Entered: 07/07/2005) |
| 07/06/2005 | ●12 | MINUTE entry before Judge Charles R. Norgle Sr.: At the status hearing of 6/14/05, plaintiff's counsel advised the court that plaintiff was a citizen |

|            |            | of Illinois and that the accident occurred in Massachusetts. Now, with the filing of an amended complaint, plaintiff is now a citizen of New Hampshire. Plaintiff must show cause as to why the case should not be transferred to the District of Massachusetts. See Hyatt Intern, Corp. v. Coco, 302 F.3d 707, 717 (7th Cir. 2002); see also Heller Fin., Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). Plaintiff has 21 days to file her brief, and defendants have 14 days to respond. It is so ordered. Mailed notice (eav, ) (Entered: 07/11/2005) |
|------------|------------|-------------|
| 07/11/2005 | ❹13 | ANSWER and affirmative defenses by defendants to amended complaint; Notice. (ntf, ) (Entered: 07/13/2005) |
| 07/27/2005 | ❹14 | MINUTE entry before Judge Charles R. Norgle Sr.: Status hearing held on 7/27/2005. Plaintiff's time to file her brief (regarding the transfer issue) is extended to and including 8/10/05. Defendant's response is due on or before 8/24/2004. Status hearing continued to 8/31/2005 at 09:30 AM. Mailed notice (ewf, ) (Entered: 07/29/2005) |
| 07/27/2005 | ❹15 | ANSWER by plaintiff Emily Chin to affirmative defenses. (cdy, ) (Entered: 07/29/2005) |
| 08/10/2005 | ❹16 | BRIEF by Emily Chin in support of not transferring this case to the District of Massachusetts; Notice. (cdy, ) Modified on 8/16/2005 (cdy, ). (Entered: 08/12/2005) |
| 08/12/2005 | ❹17 | MINUTE entry before Judge Charles R. Norgle Sr.: Before the court is the issue of whether this case must be transferred to the District Court of Massachusetts. For the following reasons, the court transfers this case to the District of Massachusetts. Civil case terminated. Mailed notice (cdy, ) (Entered: 08/16/2005) |
| 08/26/2005 | ❹18 | TRANSFERRED to the District of Massachusetts the original case file, certified copy of transfer order, and docket sheet via certified mail number 7003 1010 0002 4265 3897 (cdy, ). (Entered: 08/26/2005) |

Order Form (01/2005)      Case 1:05-cv-01692    Document 17    Filed 08/12/2005    Page 1 of 2      

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1692 | **DATE** | 8/12/2005 |
| **CASE TITLE** | Chin vs. Intercontinental Hotels Group Resources, Inc., et al | | |

**DOCKET ENTRY TEXT:**         05 - 11791 JLT

Remand Order

Before the court is the issue of whether this case must be transferred to the District Court of Massachusetts. For the following reasons, the court transfers this case to the District of Massachusetts.

*Charles R. Norgle*

■[ For further details see text below.]                                        Docketing to mail notices.

## STATEMENT

On March 23, 2005, Plaintiff Emily Chin ("Chin") filed a Complaint in the Northern District of Illinois alleging negligence due to a slip and fall in Defendant's Hotel in Peabody, Massachusetts. At the time of the incident, Chin was a citizen of Illinois. Currently, Chin is a citizen of New Hampshire. On June 14, 2005, the court dismissed the Complaint, with leave to file an amended complaint. Ching then filed her amended complaint on July 1. At the status hearing of July 6, 2005, the court advised Ching that she must show cause as to why this case should not be transferred to Massachusetts.

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1404(a), transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) the transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F.Supp. 2d 966, 968 (N.D. Ill. 1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See id.; see also Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1273 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

Considering all the factors, the court finds that transfer is appropriate in this case. First, venue is proper in the Northern District of Illinois because Chin was a citizen of the state at the time of the events, and has adequately established diversity of the Defendants. See Am. Compl., at 3. Second, venue is also proper in the District of Massachusetts because a substantial part of the alleged acts relating to Chin's claims occurred in Massachusetts. See 28 U.S.C. § 1391(a)(2). The hotel where the alleged negligent events occurred is located in Massachusetts, as are the employees of the hotel who are presumably familiar with the hotel. The only relationship this case has to Illinois is that Chin underwent surgery in Illinois, as a result of her slip and fall.

## STATEMENT

The convenience of the parties and witnesses also favors transfer in this case. When evaluating the convenience and fairness of the proposed transfer, the court must consider: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses; and (4) convenience to the parties – specifically, their respective residences and abilities to bear the expense of trial in a particular forum. See Medi USA v. Jobst Inst. Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992). First, a plaintiff's choice of forum is given substantial weight, see In re National Presto Industries, Inc., 347 F.3d 662, 663 (7th Cir. 2003), however this factor is not usually dominant. See Medi, 791 F.Supp. at 210. Furthermore, it is not the only factor a court must consider. See Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995). Here, Chin's choice of forum is overridden by other substantial factors such as the situs of the event in question and the location of witnesses and documents. See Zelinski v. Columbia 300, Inc., 335 F.3d 633, 643 (7th Cir. 2003). Second, the situs of material events occurred solely in Massachusetts. Chin claims that her injuries are a result of a slip and fall in a hotel bathtub in Peabody, Massachusetts. Most of the discovery would necessarily come from Massachusetts, as would the depositions of witnesses such as hotel staff who were working at the time of the event. Although Chin's choice of forum is an important consideration, the court is to give it less deference where it is not the situs of the material events. Law Bulletin Publishing Co. v. LRP Publications, 992 F. Supp 1014, 1017 (N.D. Ill. 1998). Third, transfer to the District of Massachusetts would facilitate discovery vital to the litigation of this case. Fourth, transfer serves the convenience of the parties. Because Chin is currently a citizen of Massachusetts, she only needs to travel to the courthouse within her state. Had this case been kept in the Northern District of Illinois, Chin would suffer the inconvenience of constant travel to and from her home state, to a foreign jurisdiction.

Lastly, the interests of justice favors a transfer as well. Because it appears that Massachusetts tort law will apply to Chin's state law claims, the District of Massachusetts is better equipped to hear the case than the Northern District of Illinois. Additionally, because Chin is now a citizen of Massachusetts, that state has a greater interest in the litigation of its own citizens.

Therefore, for the foregoing reasons, this case is transferred to the District of Massachusetts.
IT IS SO ORDERED.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By
DEPUTY CLERK
U. S DISTRICT COURT NORTHERN
DISTRICT OF ILLINOIS

DATE: